IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| UNITED STATES OF AMERICA | ) DOCKET NO.: |
|---|---|
| v. | ) FACTUAL BASIS |
| JORDAN WILLIAM CARL SCHREYER | ) |

NOW COMES the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the defendant's guilty plea filed in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. **From on or about March 22, 2022, to on or about April 11, 2022, in Statesville, Iredell County, within the Western District of North Carolina (WDNC) and elsewhere, Jordan William Carl Schreyer (Defendant), knowingly and willfully transferred two machineguns and failed to make appropriate entries and maintain proper records as a licensed firearms dealer.**

2. **Among other firearms and parts, Defendant agreed to transfer, and did transfer, two Micro Galil, Model 699, 5.56 caliber rifles to a confidential informant and undercover Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).**

3. Defendant arranged the sale by e-mail and Defendant and the confidential informant agreed to a price of $7,500 for the two machineguns. An ATF Special Agent sent $7,500[1] in money orders to Defendant. In return, Defendant packaged and shipped the two machineguns from a post office in Minnesota to a post office box in Statesville, North Carolina, which was controlled by ATF and the United States Postal Inspection Service.

4. An ATF Special Agent received the two packages at the Statesville post office. An ATF Firearms Technology Branch technical examiner concluded that each package contained a Micro Galil, Model 699, 5.56 caliber rifle and each rifle was a "machinegun" as that term is defined in 18 U.S.C. § 921(a) and 26 U.S.C. § 5845(b).

5. Defendant was a federally licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, at the time of the transfers.

6. As a federally licensed firearms dealer, Defendant knew and understood the requirements to comply with the Gun Control Act of 1968 (GCA), as amended, 18 U.S.C. Chapter 44, and the regulations issued thereunder, 27 C.F.R. Part 478.

7. Defendant knowingly failed to make an appropriate entry and failed to maintain the firearms records he was required by federal law to maintain, which includes at least the requirements set forth in 18 U.S.C. § 923. Defendant willfully failed to timely, completely, and accurately record the manufacture or acquisition of firearms in his Acquisition and Disposition Record, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.123(a). Furthermore, he willfully failed to maintain an accurate, complete, and timely record of dispositions of firearms to nonlicensees in his Acquisition and Disposition Record, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.123(d) [2].

---

[1] The total amount of "buy money" given to Defendant, during the months-long investigation by ATF, for various illegal transfers of firearms and parts was $26,400.

[2] Effective August 24, 2022, the regulation setting forth the requirements for recording the dispositions of firearms by a license manufacturer to nonlicensees is now contained in 27 C.F.R. § 478.123(b).

DENA J. KING
UNITED STATES ATTORNEY

*[signature]*

DAVID W. KELLY
ASSISTANT UNITED STATES ATTORNEY

### Defendant's Counsel's Signature and Acknowledgment

I represent the defendant, Jordan William Carl Schreyer, and will make a general appearance in his case when it is filed in the District Court for the Western District of North Carolina. I have read this Factual Basis, the Bill of Information charging the defendant with a violation of Title 18, United States Code, Section 922(m), and the Plea Agreement in this case; I have discussed these documents with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Information, and the Plea Agreement. I hereby certify that the defendant does not dispute this Factual Basis.

*[signature]*
Brian P. Karalus, Attorney for Defendant

DATED: 4-22-24

*[signature]*
Samuel J. Randall, IV, Attorney for Defendant

DATED: 4/25/2024